IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HERBERT FRANKUM,                    :

     Plaintiff,                     :

vs.                                 :    CIVIL ACTION 08-0373-CG-M

RENETTA CHAPMAN, et al.,            :

     Defendants.                    :

<u>REPORT AND RECOMMENDATION</u>

The Motion to Dismiss filed by Defendant, Richard Allen
(Doc. 16), has been referred for report and recommendation, under
28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has
been invoked in this Court under 28 U.S.C. § 1331, pursuant to 42
U.S.C. § 1983.  After consideration, it is recommended that
Defendant's Motion be granted, and that Plaintiff's claims
against Defendant Allen be dismissed without prejudice.

<u>I.  SUMMARY OF ALLEGATIONS AND PROCEEDINGS</u>

Assuming Plaintiff's allegations as true, the facts are as
follows.  On or about December 20, 2007, Plaintiff was arrested
and incarcerated as a pretrial detainee at the Clark County Jail
in Grove Hill, Alabama.  (Doc. 1).  Plaintiff claims that he is a
diabetic and that he did not receive adequate medical care for
his condition.  (<u>Id.</u>).  According to Plaintiff, he specifically
requested medication on December 20, 2007, January 14, 2008, and
February 15, 2008, but apparently was delayed in receiving his
medication.  (Doc. 1 at 5).  Specifically as to Defendant Alabama

Department of Corrections Prison Commissioner Richard Allen, Plaintiff alleges that Allen "let the jailer have there [sic] way on the diabetic in county jail." (Id. at 5).  Plaintiff seeks damages of one million dollars from Defendant Allen.  (Id.).

In response to the Complaint, Defendant Allen filed a Motion to Dismiss asserting that Allen, as the Prison Commissioner for the Alabama Department of Corrections, has no control over the daily operations of the Clark County Jail.  (Doc. 16). Defendant Allen also contends that since Plaintiff's claims are only asserted against him because he is the Prison Commissioner, he is due to be dismissed from this lawsuit, as there is no respondeat superior liability in § 1983 cases.  (Doc. 16 at 2).

On January 28, 2009, Plaintiff objected to Defendant's Motion to Dismiss, asserting that the Prison Commissioner is "over" all inmates serving a sentence of one year and one day or longer.  (Doc. 18).  Defendant Allen responded back reiterating his same defenses.  (Doc. 20).

## II.  STANDARD OF REVIEW

`    "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for

2

relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2).

"Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 127 S. Ct. 2499, 2507 (2007) (citations omitted).

Factual allegations do not have to be detailed. However, they must contain more than "labels and conclusions." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "[A] formulaic recitation of the elements of a cause will not do." <u>Id.</u> (citations omitted). Assuming all of the factual allegations in the Complaint are true, they "must be enough to raise a right to relief above the speculative level." <u>Id.</u> "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement [they] stop short of the line between possibility and plausibility of entitle[ment] to relief." <u>Weissman v. National Ass'n of Sec. Dealers, Inc.</u>, 500 F.3d 1293, 1310 (11th Cir. 2007) (citations and internal quotation marks omitted). A complaint may be dismissed unless there are "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>,127 S. Ct. at

3

1966.

III.  DISCUSSION

As discussed above, Plaintiff seeks redress in this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising out of his medical care on December 20, 2007, January 14, 2008, and February 15, 2008.  (Doc. 1 at 5).

Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (1994).

In addressing Plaintiff's claims brought under § 1983, the Court begins its analysis "by identifying the specific constitutional right allegedly infringed. . . ." Graham v. Connor, 490 U.S. 386, 394 (1989).  In this action, the record shows that at the time of the allegedly poor medical care complained of by Plaintiff, Plaintiff was being held in the Clark County Jail as a pretrial detainee on a charge of attempted murder.  (Doc. 1 at 5-6).  As a pretrial detainee, Plaintiff was protected by the Fourteenth Amendment.  See Williams v. Limestone County, Ala., 198 Fed. Appx. 893, 896 n.3 (11th Cir. 2006)

4

(unpublished)[1] (citing <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979)).

"[T]he minimum standard for providing medical care to a pre-
trial detainee under the Fourteenth Amendment is the same as the
minimum standard required by the Eighth Amendment for a convicted
prisoner; both the right to due process and the right to be free
from cruel and unusual punishment are violated by a government
official's deliberate indifference to serious medical needs."
<u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1425 n.6 (11th
Cir. 1997).

Plaintiff has alleged that his constitutional rights were
violated by inadequate medical care allegedly received on
December 20, 2007, January 14, 2008, and February 15, 2008.
(Doc. 1 at 5).  On these dates, Plaintiff claims that he made
requests for medication for treatment of his diabetes health
condition.  (<u>Id.</u>).  Plaintiff was a pretrial detainee at the
time of the occurrence of these complaints, as he was not
convicted of attempted murder until March 17, 2008.  (<u>Id.</u> at 5-
6). Plaintiff has named as defendants, not only Richard Allen,
but also Clark County Jailers Renetta Chapman and Linda Pugh.
However, only the Motion to Dismiss of Defendant Richard Allen is

---

[1]"Pursuant to Eleventh Circuit Rule 36-2, unpublished
opinions are not considered binding precedent, but may be
cited as persuasive authority."  <u>Lanier Constr., Inc. v.
Carbone Props. of Mobile, LLC</u>, 253 Fed. Appx. 861, 865, 2007
WL 3307384, *3 (11th Cir. 2007).

before this Court today.  (Doc. 16).

Defendant Allen contends that he is not the proper defendant, as he is the Alabama Department of Corrections Prison Commissioner and has no control over the operation of the county jail in Grove Hill, Alabama.  (Doc. 16).  Defendant Allen also asserts that he is due to be dismissed from this action because he was not personally involved in the alleged inadequate medical care complained of in this action, and there is no respondeat superior liability in § 1983 cases.  (Id.).

It is well established that in order to state a claim upon which relief can be granted in a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and the alleged deprivation of his constitutional rights.  Boglin v. Weaver, 2001 WL 228172, *14 (S.D. Ala. 2001) (unreported).[2] "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

"The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he

---

[2]See footnote 1 regarding treatment of unpublished opinions.

6

fails to do so.'" Id. (citations omitted).  "Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Id. (citations and internal quotation marks omitted).

Plaintiff does not allege that Prison Commissioner Allen was personally involved in the alleged denial of adequate medical care on December 20, 2007, January 14, 2008, and February 15, 2008.  Moreover, Plaintiff does not allege that Commissioner Allen had a policy or custom of instructing county jail employees to deny adequate medical care to pretrial detainees or that there was a history of denial of adequate medical care that would have put Commissioner Allen on notice of such unconstitutional conduct.  Plaintiff's allegations with respect to Defendant Richard Allen simply do not render an Eighth Amendment claim against Defendant Allen plausible.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965-66 (2007).

### IV.  CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's allegations fail to state a claim upon which relief could be granted as to Defendant Prison Commissioner Richard Allen.

Accordingly, it is recommended that the Motion to Dismiss of

Defendant Richard Allen be GRANTED and that Plaintiff's claims against this Defendant be DISMISSED without prejudice.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The  procedure  for  challenging  the  findings  and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation  should  be  reviewed  *de novo*  and  a  different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of  the  original  brief  may  be  submitted  or  referred  to  and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


    DONE this 31st day of March, 2009.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE