IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HERBERT FRANKUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-373-CG-N |
| | ) | |
| RENATTA CHAPMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED REPORT AND RECOMMENDATION

This Amended Report and Recommendation AMENDS and SUPERCEDES the Report and Recommendation (doc. 75) entered by the court this day.

This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4).

Plaintiff filed this action while incarcerated, claiming violation of his civil rights under 28 U.S.C. § 1983. Upon his release from prison, the court issued an order (doc. 69) requiring plaintiff to pay the remaining balance of his filing fee or supplement is IFP motion no later than July 23, 2012.

Plaintiff filed an IFP motion (doc. 73) on July 11, 2012, but it was incomplete and the court ordered plaintiff to provide all required information no later than July 27, 2012. To date, plaintiff has failed to comply with, or otherwise respond to, that order, having neither paid the filing fee nor supplemented his request to be allowed to proceed without prepaying the fee. The order was not returned as undeliverable, and there is no other indication that plaintiff did not receive the order.

Because of plaintiff's failure to comply with the orders of this court, his consequent failure to prosecute this action, and upon consideration of the alternatives which are available to the court, it is the undersigned's recommendation that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. Rule 41(b) as no other lesser sanction will suffice.  Link v. Wabash Rail Road, 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct.181 (1993); Davis v. Jones, C. A. No. 90-0658-BH-S (S.D. Alabama June 17, 1993) (dismissal for failure to prosecute), aff'd., 15 F.3d 1096 (11th Cir. 1995) (Table Citation).

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED for failure to pay the filing fee and for failure to comply with the order of this court.  *See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 3rd day of April, 2010.

/s/  Katherine P. Nelson  
**KATHERINE P. NELSON**  
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson